24-2055-cv
*Ojo v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-five.

PRESENT:
>JON O. NEWMAN,
>BARRINGTON D. PARKER,
>SARAH A. L. MERRIAM,
>>*Circuit Judges.*

_____

Olukayode David Ojo,

>>*Plaintiff-Appellant*,

>v.                                                                              24-2055-cv

United States of America, Warden Frank Strada, Assistant Warden Shirley White,

>>*Defendants-Appellees*,

**Medical Director John Doe #1,**

*Defendant.*

_____

FOR PLAINTIFF-APPELLANT:          Olukayode David Ojo, *pro se*, East Orange, NJ.

FOR DEFENDANTS-APPELLEES:          Varuni Nelson, Daniel G. Saavedra, Assistant United States Attorneys, of counsel, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Ross, *Judge*; Bloom, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 25, 2024, order of the District Court is **AFFIRMED**.

Olukayode David Ojo, who proceeds here *pro se* and *in forma pauperis*, appeals from the District Court's denial of his motion "pursuant to Federal Rule of Civil Procedure 60(b), requesting that [the court] vacate its prior judgment dismissing the case with prejudice." Pl.'s Second Mot. for Reconsideration at 1,

2

*Ojo v. United States*, 1:15CV06089(ARR)(LB) (E.D.N.Y. May 20, 2024), ECF No. 133 (hereinafter the "60(b) Motion"). Ojo commenced this action against the United States and three individual defendants in 2015 asserting claims arising out of his pre-trial detention in federal custody. The District Court granted summary judgment to the defendants on all but one of Ojo's claims. In 2019, the United States and Ojo settled the remaining claim and stipulated to dismissal of the case with prejudice pursuant to Rule 41(a). The District Court entered judgment on September 10, 2019.

Nearly four years later, on July 24, 2023, Ojo moved to reopen the case and to enforce the settlement, arguing that the United States had improperly offset the settlement amount against an "alleged restitution." App'x at 176. The District Court denied the motion, concluding that it lacked jurisdiction to enforce the settlement and that vacatur of the judgment was not warranted. Ojo moved for reconsideration of the denial, which the District Court also denied.

Ojo then filed a motion he entitled a "second motion for reconsideration." 60(b) Motion at 1. The motion was in fact a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, expressly citing and relying on that rule, and the District Court properly treated it as such. The District

3

Court denied this motion as well. *See Ojo v. United States*, No. 1:15CV06089 (ARR)(LB), 2024 WL 3535415 (E.D.N.Y. July 25, 2024). Ojo timely appealed.

"A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion. . . . Under this standard, we must affirm the denial of vacatur, unless the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (citations and quotation marks omitted). The District Court did not abuse its discretion in denying Ojo's motion.

First, the District Court was correct that Ojo's Rule 60(b) motion was untimely. Ojo's motion did not specify a subsection of Rule 60(b) under which he was seeking relief. Construing his *pro se* submissions generously, we assume that he was seeking relief under subsection (6), that is, vacatur for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Ojo's motion does not meet this standard. He signed the settlement agreement and stipulated dismissal in 2019, but he made no attempt to enforce the settlement agreement in the District Court until 2023 – nearly four years later. He has offered no explanation, either on appeal or before the District Court, for why he did not seek relief earlier. Instead, on

4

appeal he contends that the District Court should have construed his motion as seeking "enforcement of the settlement agreement rather than vacatur of the dismissal." Appellant's Br. at 29. But the motion speaks for itself. It begins by asserting that plaintiff "respectfully submits this Second Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b), requesting that this Court vacate its prior judgment dismissing the case with prejudice." Rule 60(b) Motion at 1.

Second, even assuming the motion was timely, the District Court was also correct that the motion was meritless. Ojo argues that his "consent to the settlement agreement [was] unknowing and involuntary." *Id.* Specifically, he contends that he would not have entered into the settlement agreement had he known that the District Court would not retain jurisdiction to enforce it, and he wants the District Court to take jurisdiction because he wishes to challenge the government's offset of the settlement funds to pay restitution he owed pursuant to his separate judgment of criminal conviction. But the settlement agreement expressly stated that Ojo would receive the funds "provided that [he] owes no debt that is subject to offset under the Treasury Offset Program." Settlement Agreement at 3, *Ojo v. United States*, 1:15CV06089(ARR)(LB) (E.D.N.Y. May 20,

2024), ECF No. 122-2.  And at the settlement conference, the Magistrate Judge expressly addressed the fact that the funds would be offset.  Counsel for the government stated: "We've spoken about this extensively and I have explained to Mr. Ojo that when the payment is processed by Treasury it will be offset against his restitution judgment and he has told me that he understands that."  App'x at 87.  The Court followed up with Mr. Ojo:

> THE COURT: What I'm trying to make sure of is that when the Government executes against this settlement that you're not going to try to withdraw from this settlement saying that you didn't know that they were going to offset the restitution.  Do you understand that?
>
> MR. OJO: I understand that, Your Honor.

App'x at 88.  We therefore find no abuse of discretion in the District Court's denial of the 60(b) Motion.

We have considered Ojo's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the July 25, 2024, Order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court